IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY C. MENGINE LAW, INC., )
D/B/A CHIURAZZI & MENGINE,     )
LLC; and CHARLOTTE HAGANS,     )
                               )
        Plaintiffs,            )
    v.                         )    Civil Action No. 09-1109
                               )
HEALTHPORT,                    )
                               )
        Defendant.             )

MEMORANDUM and ORDER

Gary L. Lancaster,
Chief Judge.                                February 12, 2010

This is a class action alleging overcharges for services. Representative plaintiffs, Anthony C. Mengine Law, Inc. d/b/a Chiurazzi & Mengine, LLC, and Charlotte Hagans, (hereinafter, "plaintiffs"), brought this class action lawsuit for breach of implied contract, restitution, constructive trust, unjust enrichment and declaratory relief. Plaintiffs contend that defendant, HealthPort, overcharged them for the search, retrieval, and reproduction of medical records. Plaintiffs originally brought this lawsuit in the Court of Common Pleas of Allegheny County, Pennsylvania, but defendant filed a timely notice of removal contending this court has diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Plaintiffs filed a motion to remand this case to the Court of Common Pleas of Allegheny County arguing that their claims fail to

meet CAFA's $5,000,000 amount in controversy jurisdictional threshold requirement under 28 U.S.C. § 1332(d)(2). Defendant argues that we may remand only if it appears to a legal certainty that plaintiffs, if they prove their claims, could not meet the $5,000,000 threshold. Plaintiffs counter by claiming defendant's assertions misinterpret the law, and suggest instead that defendant must offer proof, not speculation, that plaintiffs' claims, if proven, can meet the $5,000,000 threshold.

Shortly after filing its notice of removal, defendant filed a motion to dismiss. Plaintiffs responded to the motion to dismiss, defendant filed a reply, and plaintiffs filed a motion to strike defendant's reply.

We cannot rule upon defendant's motion to dismiss – and similarly plaintiffs' motion to strike defendant's reply in support of its motion to dismiss – if we lack subject matter jurisdiction. Accordingly, we begin our analysis with plaintiffs' motion for remand.

For the reasons that follow, we grant the motion for remand. Therefore, defendant's motion to dismiss and the plaintiffs' motion to strike defendant's reply in support of its motion to dismiss will be denied without prejudice.

I. BACKGROUND

We accept the following material facts as true solely for the

purpose of rendering an opinion on the jurisdictional matter.

Plaintiffs are, respectively, a law firm and an individual, who sought and obtained medical records from defendant, a health information management company, which plaintiffs refer to as a medical records reproduction company (hereinafter, an "MRRC"). Defendant had agreements with various Pennsylvania hospitals to provide reproductions of medical records to requesters and/or their authorized representatives. These hospital-MRRC agreements enabled defendant to charge requesters, such as plaintiffs, a fee for the search, retrieval, reproduction and transmittal of medical records.

However, plaintiffs contend that Pennsylvania law limits the amount an MRRC may charge to provide medical records to requesters. Plaintiffs contend that the law requires MRRCs to base their fees upon the actual and reasonable cost of searching for, retrieving, reproducing, and transmitting the records. Plaintiffs assert that contrary to law, defendant charged them and "well over 1,000 [other] persons and attorneys/law firms," fees in excess of the actual and reasonable cost of searching for, retrieving, reproducing, and transmitting medical records. (Docket No. 1, Ex. A, ¶ 36.)

Plaintiffs sued defendant in the Court of Common Pleas of Allegheny County to compel defendant to charge only those fees deemed permissible by law, and to recover the money paid in excess

of the actual and reasonable cost of searching for, retrieving, reproducing, and transmitting medical records. Plaintiffs' complaint did not indicate the actual and reasonable cost of searching for, retrieving, reproducing, and transmitting medical records. The complaint avers that plaintiffs do not know what the actual and reasonable cost would be, but postulate that technological advances have reduced the cost of medical record location, retrieval, reproduction, and transmittal. (Docket No. 1, Ex. A, ¶¶ 18-20, 37e.) The complaint also avers that defendant failed to follow a procedure designed to estimate the actual expenses it incurs, opting instead to charge the maximum allowable fee under the law without regard to its actual expense. (Docket No. 1, Ex. A, ¶¶ 23-24.) Additionally, the complaint indicates that defendant charged sales tax for its services and claims the law prohibits this practice. (Docket No. 1, Ex. A, ¶¶ 27-28.) Plaintiffs' seek, <u>inter alia</u>, restitution, punitive damages, attorneys fees, prejudgment interest, and costs.

Defendant filed a notice of removal and claimed that based on the allegations set forth in the complaint, this court possessed diversity jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d). Plaintiffs object to our jurisdiction, and have filed a motion for remand.

While the parties agree that two of the three CAFA

jurisdictional criteria have been met, (diversity and class size), they disagree whether the third criterion, the amount in controversy, has been satisfied. Defendant posits that "it is impossible to conclude [to a legal certainty] that plaintiffs will be unable to meet the $5,000,000 CAFA amount in controversy threshold." (Docket No. 1, ¶¶ 19, 23.) Simply put, under the facts present here, defendant argues that we may remand this case only if it appears to a legal certainty that plaintiffs could not recover $5,000,000. Plaintiffs disagree and argue that defendant bears the burden of proving that plaintiffs could recover at least $5,000,000, thereby meeting the jurisdictional threshold.

## II. LEGAL STANDARD

A defendant may remove a case in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Thus, "[t]he propriety of removal ... depends on whether the case originally could have been filed in federal court." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 163 (1997). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Jurisdiction under CAFA, 28 U.S.C. § 1332(d), rests not only upon diversity of citizenship and the minimum number of putative

class members – which are not in question here – but also upon meeting the requisite amount in controversy. 28 U.S.C. §§ 1332(d)(2)(A) and 1332(d)(5)(B). Currently, the amount in controversy must exceed $5,000,000, exclusive of interest or costs. 28 U.S.C. § 1332(d)(2). To determine whether the amount in controversy exceeds the sum or value of $5,000,000, "the claims of the individual class members shall be aggregated...". 28 U.S.C. § 1332(d)(6).

While CAFA itself is silent on the question, the United States Court of Appeals for the Third Circuit, before and after Congress' adoption of CAFA, definitively established that a party seeking to remove a case to federal court bears the burden to establish jurisdiction. Morgan v. Gay, 471 F.3d 469, 472-3 (3d Cir. 2006). See also, Fredrico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) ("[i]t is now settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court"). The enactment of CAFA "does not change the proposition that the plaintiff is the master of her own claim." Morgan, 471 F.3d at 474. Accordingly, defendant bears the burden of establishing that "all three criteria of CAFA are met, i.e., diversity of citizenship, a minimal amount in controversy of $5,000,000, and a class size of at least 100 members." Lewis v.

Ford Motor Company, 610 F.Supp.2d 476, 480 (W.D. Pa. 2009) (citing Frederico, 507 F.3d at 193, and Morgan, 471 F.3d at 473).

Plaintiffs may limit their cases to avoid federal subject matter jurisdiction. Morgan, 471 F.3d at 474. Therefore, "[i]n removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004). When a complaint is silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy, "'[a] defendant's notice of removal then serves the same function as the complaint would in a suit filed in federal court.'" Morgan, 471 F.3d at 474 (quoting, Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005)).

III. DISCUSSION

Because defendant seeks to avail itself of this court's federal subject matter jurisdiction, the foregoing law and authority clearly places the burden on defendant to establish that all jurisdictional prerequisites have been met. Defendant's notice of removal suggests CAFA confers federal jurisdiction. Although plaintiffs concede that this case meets CAFA's class size and diversity requirements, they dispute the amount in controversy requirement. Therefore, defendant must establish that this case can meet CAFA's jurisdictional amount in controversy – $5,000,000.

Accordingly, our analysis focuses on legal precedent established by the Supreme Court and the Court of Appeals for the Third Circuit with respect to federal jurisdiction predicated upon a threshold amount in controversy.

In St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), and McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178 (1936), the Supreme Court discussed the burden of proof in situations where jurisdiction turned on an amount in controversy. Although the Supreme Court decided these cases prior to CAFA's adoption, both opinions centered on subject matter jurisdiction predicated on the amount in controversy. Moreover, the Court of Appeals for the Third Circuit relies on these opinions in its post-CAFA decisions.

In McNutt, plaintiff brought suit in federal court claiming the amount in controversy reached the jurisdictional threshold, but defendant denied this in its answer. In reversing and remanding the case back to the trial court, the McNutt Court noted that the trial court had failed to make an adequate finding on the jurisdictional facts at issue (i.e. the amount in controversy) and found the record devoid of evidence supporting plaintiff's allegation that the threshold had been met. The Court in McNutt held, "[i]f [plaintiff's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must

8

support them by competent proof. ... [A]nd for that purpose the court may demand that the party alleging jurisdiction [must] justify his allegations by a preponderance of the evidence." McNutt, 298 U.S. at 189. McNutt makes it clear that whichever party asserts federal jurisdiction, if the opposing party challenges it, the asserting party will have to prove, by a preponderance of evidence, the appropriateness of federal jurisdiction.

In Red Cab, plaintiff sued in state court but defendant removed the case to federal court. Plaintiff did not object to the removal, and in fact, its complaint and amended complaints alleged damages in excess of the statutory threshold. However, a document attached to plaintiff's pleadings illustrated damages well below the threshold. After waiver of a jury trial, the district court entered findings, conclusions, and a judgment in favor of the plaintiff, but in an amount well below the statutory jurisdictional threshold. On appeal, the Court of Appeals refused to decide the case on the merits on the ground that the district court should have remanded the matter to state court upon finding that the record showed the amount in controversy failed to meet the statutory jurisdictional threshold. The Court in Red Cab held that the rule for determining whether the case involves the requisite amount turns on whether "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover

9

the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." Red Cab, 303 U.S. at 289.

In reconciling McNutt and Red Cab, the Court of Appeals for the Third Circuit in Samuel-Bassett, supra, disentangled the "preponderance of evidence" and "legal certainty" approaches by distinguishing them on the grounds of whether the jurisdictional dispute surrounded factual matters. Samuel- Bassett, 357 F.3d at 397. In Samuel-Bassett, the Court of Appeals examined the district court's subject matter jurisdiction and found that the record did not reflect whether the amount in controversy had been met. Id. at 395. The Court concluded that Red Cab's legal certainty test applied, but remanded the case for fact-finding on the amount in controversy. Id. at 403.

The Court of Appeals further clarified the standard in Frederico, supra, by stating that when parties dispute factual jurisdictional matters, the McNutt preponderance of the evidence standard applies, but when relevant facts are not in dispute or when findings of fact have been made, the legal certainty standard announced in Red Cab applies. Frederico, 507 F.3d at 194 (relying on Samuel-Bassett 357 F.3d at 398). Finally, the Court of Appeals in Frederico also noted if a plaintiff's complaint "specifically (not impliedly)" seeks less than the jurisdictional limits, then a

defendant seeking removal must prove to a legal certainty that the plaintiff can recover the jurisdictional amount. Frederico, 507 F.3d at 195 (relying on Morgan, 471 F.3d at 471).

In Frederico, as in this case, plaintiffs declined to expressly limit their claim to less than the jurisdictional threshold of $5,000,000. Id. at 197. Given this, the Court in Frederico could not apply the Morgan standard, and turned to the analysis set forth in Samuel-Bassett for guidance. Id. at 196-97. We shall do the same.

Every case discussed above, McNutt, Red Cab, Samuel-Bassett, and Frederico, requires the party asserting federal jurisdiction to prove it when challenged. Thus, defendant, here as the proponent of federal court jurisdiction through its notice of removal, must prove that this case satisfies the $5,000,000 amount in controversy threshold. Accordingly, the issue becomes whether defendant needs to prove the amount in controversy to a legal certainty or by a preponderance of the evidence. Because the parties dispute factual jurisdictional matters, we find that the McNutt preponderance of the evidence standard applies.

Next, we consider the evidence presented by the parties. We note at the outset that neither the complaint nor the notice of removal indicates a sum certain that is at issue in this case, nor does either document provide the financial information needed to

11

calculate that amount. Plaintiffs' complaint asserts that plaintiffs are entitled to recover the difference between defendant's actual, reasonable cost of searching for, retrieving, reproducing, and transmitting medical records and a maximum allowable cost for these same services. Plaintiffs allege this cost differential exists based upon "technological advances" in the industry, but admit that they do not know what the cost difference is. Thus, plaintiffs' complaint remains silent on one of the ingredients needed to calculate the amount in controversy.

Because plaintiffs' complaint falls silent with regard to the amount in controversy, we turn to defendant's notice of removal. Morgan, 471 F.3d at 474. In its notice of removal, defendant does not admit nor deny whether any discrepancy exists between the maximum amount it charged for its services and the actual, reasonable cost it incurred in performing those services. Thus, the notice of removal supplies no additional financial information to enable this court to calculate the amount in controversy.

Where the pleadings fail to provide the requisite amount in controversy, other courts in this district have considered additional evidence supplied by the party asserting federal jurisdiction. See, Lewis, supra, (relying on USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 205 n.12 (3d Cir. 2003)) and Lohr v. United Financial Cas. Co., No. 09-752, 2009 WL 2634204 (W.D. Pa. August

25, 2009). In both <u>Lewis</u> and <u>Lohr</u>, the court reviewed and relied upon declarations submitted by defendants as evidence tending to prove that plaintiffs' claims would exceed the $5,000,000 CAFA threshold. <u>Lewis</u>, 610 F.Supp.2d at 481; <u>Lohr</u>, 2009 WL 2634204 at *5. In <u>Lewis</u>, the court held defendant to <u>McNutt</u>'s preponderance of the evidence standard, and found that the statements provided by defendant in the declaration met that standard. In <u>Lohr</u>, the court again held that defendant had to prove by a preponderance of the evidence that the $5,000,000 threshold could be met, but concluded that the statements in the declaration fell short of providing that level of proof.

Here, defendant supplied an affidavit to support its opposition to plaintiffs' motion for remand. The affidavit provides that for the time period in question, defendant issued a total of 190,170 invoices. (Docket No. 14, Ex. A, ¶¶ 9-10.) These invoices went to all requestors, not just plaintiffs. The affidavit also indicates defendant collected $11,939,156 on those invoices. (Docket No. 14, Ex. A, ¶¶ 11-12.)

Plaintiffs do not seek reimbursement of the total amount paid by all requestors on behalf of the putative class (which would be, at the maximum, $11,939,156). Rather, plaintiffs's complaint requests reimbursement of the difference between what plaintiffs and all other putative class members paid during the relevant time

period and defendant's actual and reasonable cost for its services. (Docket No. 1, Ex. A, ¶¶ 31, 34.)

Defendant's affidavit contains no indication of the cost defendant actually and reasonably incurred in the performance of its services. To the contrary, the affidavit indicates defendant cannot easily or cost-effectively calculate its actual costs for services rendered. (Docket No. 14, Ex. A, ¶14). Because the key component of the amount in controversy is derived by subtracting defendant's actual, reasonable cost from the invoiced cost, defendant has failed to adequately prove that plaintiffs' claim can meet the $5,000,000 amount in controversy threshold.[1]

However, defendant relies on Samuel-Bassett's interpretation of Red Cab, arguing that the instant case belongs in federal court because this court cannot be legally certain that plaintiffs will be unable to recover $5,000,000. This argument, however, misinterprets the Samuel-Bassett analysis of Red Cab.

The court in Samuel-Bassett interpreted Red Cab to stand for

---

[1] Plaintiffs' complaint alleges that defendant charged state sales tax in violation of the law. Defendant indicated that during the time period in question it remitted a total of $1,192,873 in sales tax to the Commonwealth of Pennsylvania. Defendant does not indicate whether this amount would have been incorporated into the amount it invoiced to plaintiffs (and all other putative class members); however, since defendant admits to having remitted sales tax, it is reasonable to conclude that: (1) it did in fact charge sales tax, and (2) it incorporated the tax on the invoices. Accordingly, we will not consider the $1,192,873 amount separately, since it is part of the $11,939,156 discussed infra.

14

the proposition that remand should occur if "from the face of the pleadings it [was] apparent, to a legal certainty, that the plaintiff cannot recover [5,000,000]," but this conclusion was predicated on a key fact not present here – neither party in Red Cab opposed federal court jurisdiction. In contrast, in the instant matter, plaintiffs contest federal subject matter jurisdiction. In addition, in Red Cab, it was clear "from the face of the pleadings[,]" meaning the document attached to plaintiff's complaint, that the amount in controversy could never reach the jurisdictional threshold. Here, we lack such conclusive evidence. Thus, the facts of this case are more comparable to McNutt.

As the McNutt Court held, "[i]f ... allegations of jurisdictional facts are challenged by [the] adversary ... [the party asserting jurisdiction] must support them by competent proof." McNutt, 298 U.S. at 189. In this case, plaintiffs challenged jurisdiction by filing a motion for remand. Therefore, defendant, as the party asserting jurisdiction, needed to support its assertion that plaintiffs' claims could meet the $5,000,000 threshold by a preponderance of the evidence. By failing to offer the requisite proof, defendant has failed to prove that jurisdiction properly rests here. Per Samuel-Bassett, the Red Cab analysis relied upon by defendant in this case would have applied only if plaintiffs did not challenge the jurisdictional facts.

Finally, defendant also claims this matter is akin to Frederico. However, Frederico relied on the Red Cab analysis, because like Red Cab, the relevant jurisdictional facts in Frederico were "not expressly in dispute between the parties." Frederico, 507 F.3d at 198.

Based on the foregoing, plaintiffs' motion for remand is granted. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY C. MENGINE LAW, INC., )
D/B/A CHIURAZZI & MENGINE,    )
LLC; and CHARLOTTE HAGANS,    )
                              )
        Plaintiffs,           )
    v.                        )   Civil Action No. 09-1109
                              )
HEALTHPORT,                   )
                              )
        Defendant.            )

ORDER

AND NOW, this 12th day of February, 2010, IT IS HEREBY ORDERED THAT plaintiffs' motion for remand is GRANTED. The defendant's motion to dismiss the complaint and plaintiffs' motion to strike the defendant's reply brief in support of its motion to dismiss the complaint are DENIED without prejudice to raise these matters before the Court of Common Pleas of Allegheny County, Pennsylvania upon remand.

BY THE COURT:

_____, C. J.

cc: All Counsel of Record

17